*(Circuit Court of La Salle County.)*

## The People, etc.

### vs.

## Frederick W. Mathiessen.

(1896.)

1. CITIES AND VILLAGES—DUTY OF MAYOR TO ENFORCE STATE LAWS. Section 10 of article 2 of the city and village act of 1872 which provides that the mayor "shall take care that the *laws* and ordinances are faithfully executed" has reference only to city ordinances and not to state laws.

2. SAME "TAKE CARE" DEFINED. The provision of the city and village act that the mayor shall "take care" that the laws and ordinances are faithfully executed mean that the mayor shall be faithful and vigilant to carry such laws into effect.

3. SUNDAY CLOSING LAW—DUTY OF MAYOR TO ENFORCE. It is not the duty of a mayor of a city organized under the city and village act of 1872 to enforce the law of the state which prohibits the keeping open of tippling houses on Sunday.

4. PALPABLE OMISSION OF DUTY BY MAYOR—WHAT CONSTITUTES. The palpable omission of duty referred to in section 14 of article 2 of the city and village act of 1872 which provides for the indictment of the mayor and others who shall be found guilty of a palpable omission of duty, etc., has reference to some duty imposed by the act of incorporation, or the city ordinances, or to some duty definitely described by the laws of the state.

5. SUNDAY CLOSING LAW—REMEDY TO ENFORCE—DUTIES OF MAYOR. Any person may secure the prosecution of a violator of the Sunday closing law. The duty of prosecuting offenders is placed upon the states attorney. It is not the duty of the mayor of a city to personally detect offenders and enter complaint before a magistrate or grand jury.

6. SAME — PLEADING — INDICTMENT — MEANING OF ALLEGATION THAT DEFENDANT WILFULLY PERMITTED OPENING OF TIPPLING HOUSE. An allegation that defendant wilfully, etc., permitted the keeping open of a tippling house on Sunday cannot be accepted for more than that he suffered such house to keep open or did not interfere to prevent. A mayor has no power or authority to grant a permit or a license to keep open a tippling house on Sunday.

7. SAME—DUTIES OF MAYOR TO ADOPT PRECAUTIONARY MEASURES TO PREVENT KEEPING OPEN OF TIPPLING HOUSE ON SUNDAY. The mayor of a city is not required by any law to adopt precautionary measures to guard against the possibility or probability of a tippling house keeping open on Sunday.

8. CRIMINAL CODE—SECTION 260—MALFEASANCE IN OFFICE—DUTIES OF MUNICIPAL OFFICERS UNDER. Section 260 of the criminal code which has relation to malfeasance in office, etc., of persons holding public office, imposes no duties on municipal officers. Their duties are prescribed by the city and village act.

Motion to quash indictment. The facts are stated in the opinion.

BLANCHARD, J. :—

This is an indictment presented against Frederick W. Mathiessen as mayor of the city of La Salle, presumably, under section 14 of art. 2 of an act entitled "An act to provide for the incorporation of cities and villages," wherein it is provided, "In case the mayor or any other municipal officer shall at any time be guilty of a palpable omission of duty, he shall be liable to indictment and fine. * * *"

The motion to quash the indictment presents for adjudication an issue of law, namely, according to the pleading and facts therein stated, was the defendant guilty of a palpable omission of duty in his office of mayor of the city of La Salle?

Each count of the indictment (six in all) alleges, that it was the duty of the said Frederick W. Mathiessen, as mayor of the city of La Salle, to take care that the laws of the state of Illinois in the said city of La Salle were faithfully executed. This allegation is not one of fact but is simply the conclusion of the pleader and is equivalent to an allegation, that it was the duty of Frederick W. Mathiessen as mayor of the city of La Salle to take care that the law of the state of Illinois, which provides, "whoever keeps open any tippling house, or place where liquor is sold or given away, upon the first day of the week, commonly called Sunday, shall be fined not exceeding $200," was faithfully executed in the said city of La Salle; for the breach of the alleged duty relates specifically to said law. In the first count it is alleged that certain persons named, some forty or more, "are the keepers of tippling houses or places where liquor is sold in the said city of La Salle." In the second count it is alleged, "one Palmyra Pierard was the keeper and owner of a certain tippling house or place where liquor is sold at and within the said city of. La Salle." A similar allegation is contained in each of the other counts, and each of said counts contains an allegation in substance, that "said Frederick W. Mathiessen, mayor of the said city of La Salle as aforesaid, not regarding the duty of his office, unlawfully, wilfully, knowingly and contemptuously permitted the said ————— to keep open their or his tippling house or place where liquor is sold in said city of La Salle on the ——— day of ————, being the first day of the week, commonly called Sunday."

In logical order, the first question presented for our consideration on the motion to quash the indictment and each count thereof, is the alleged duty of the mayor "to take care" that the law of the state of Illinois prohibitory of open tippling houses on Sunday in the city of La Salle, is faithfully exe-

cuted. Is such a duty specially imposed by law upon the mayors of cities? From what source shall we ascertain the duties of mayors as such? Manifestly, in the first instance, from the charter creating the municipality.

Referring to the charter, the first article thereof relates to the procedure by which cities and villages may be incorporated. Article two thereof creates the office of mayor and prescribes his powers and duties, and special provision is made for the imposition of penalties for misconduct, etc. Section 1 of said article provides that the chief executive officer of a city shall be a mayor. Sections 2 and 3 relate to vacancies in said office; section 4 relates to mayors, *pro tem.;* section 5 to vacancies by removal. Section 6 provides: ''The mayor shall preside at all meetings of the city council, but shall not vote except in case of a tie, when he shall give the casting vote.'' Section 7 clothes the mayor with power to remove any officer appointed by him under certain limitations. Section 8 grants to the mayor the same powers within the city limits conferred upon sheriffs to suppress disorder and keep the peace. Section 9 relates to power to release persons imprisoned for violation of any city ordinance. Section 10. ''He shall perform all such duties as are or may be prescribed by law or by the city ordinances, and shall take care that the laws and ordinances are faithfully executed.'' Section 11 confers power to examine records, etc. Section 12 relates to his annual message to the council. Section 13 confers the power to call on male inhabitants to aid in enforcing the laws and ordinances and to call out the militia to aid in suppressing riots and other disorderly conduct, etc. Section 14 provides, ''In case the mayor or any other municipal officer shall, at any time, be guilty of a palpable omission of duty, or shall wilfully and corruptly be guilty of oppression, malconduct or misfeasance in the discharge of the duties of his office, he shall be liable to indictment,'' etc. Section 15 empowers the mayor to appoint competent persons to revise the ordinances.

It may be assumed that five of the sections of article 2 impose imperative duties on the mayor, and in considering the

scope and nature of said duties, we must keep in mind that the mayor is the chief executive officer of the municipality, an office created for municipal purposes only. His duties are purely executive and administrative. He possesses no judicial or legislative functions or powers. Said section 6 requires the mayor to preside at all meetings of the city council but he cannot vote upon any law or ordinance or other question except in case of a tie, when he shall give the casting vote. If the mayor should persist in refusing to so preside he would be guilty of a palpable omission of duty. Section 8 requires the mayor to exercise the power conferred on sheriffs to suppress disorder and keep the peace within the city limits. What are the powers conferred on sheriffs in that regard?

Section 17 of the law in relation to sheriffs provides: "Such sheriffs may arrest offenders on view and cause them to be brought before proper magistrates for trial or examination."

Then to suppress disorder and keep the peace the mayor may arrest offenders on view and take them before proper magistrates "for trial or examination."

Section 10 of article 2 aforesaid, provides: "He (the mayor) shall perform all such duties as are or may be prescribed by law or by the city ordinances, and shall take care that the laws and ordinances are faithfully executed." It will be observed that this section provides, 1st, He (the mayor) shall perform all duties as are or may be prescribed by law or by the city ordinances; 2d, and shall take care that the laws and ordinances are faithfully executed. Among the duties prescribed by law may be placed the duty to preside at all meetings of the city council; to annually and from time ot time give the counsel information relative to the affairs of the city, etc., to approve or disapprove all ordinances passed by the city council, and sign such as he approves and state his objections in writing to such as he disapproves. And (3rd) "he shall take care that the laws and ordinances are faithfully executed." Waiving for the present the question whether the laws referred to are state law or city laws, it becomes important and necessary to inquire as to what is comprehended in its broadest legal sense in the phrase, "take

22

care that the laws and ordinances are faithfully executed.''
Section 3, of article 3, of the constitution of the United
States, provides, among other things ''he (the president)
shall take care that the laws be faithfully executed.'' Sec-
tion 7, of article 3, of the Illinois constitution of 1818, pro-
vides, among other things, that the ''governor'' ''shall take
care that the laws be faithfully executed.'' The same pro-
vision is contained in the constitutions of 1848 and 1870, and
we assume it will be found in all organic acts. Yet we have
been unable to find any judicial elucidation of the phrase.
If we attempt to analyze the phrase, we find that the word,
''take,'' according to Webster, means in a general sense, to
get hold or gain possession of, either passively or by active
exertion. The word ''care'' means ''to be anxious or solicit-
ous: to be concerned about; (2) to be inclined or disposed;
to have regard to.'' The words, ''to take care,'' mean, ac-
cording to Webster, ''to be careful,'' ''to be solicitous for.''
(3) ''To be cautious or vigilant.'' ''Faithfully executed,''
we think, means, that the laws and ordinances should be fairly
and honestly carried into effect. The legal import of the
phrase as we comprehend it, is that the mayor shall be solic-
itous and vigilant to carry into effect the laws and ordinances,
or shall be careful and vigilant to carry into effect, etc.

Section 14, of said article 2, provides: ''In case the mayor
or any other municipal officer shall, at any time, be guilty of
a palpable omission of duty, or shall wilfully and corruptly
be guilty of oppression,, malconduct or misfeasance in the dis-
charge of the duties of his office, he shall be liable to indict-
ment in any court of competent jurisdiction,'' etc. Obviously,
said article 2 forms a complete code, civil and criminal so
far as the mayor is concerned. Thereby, the office of mayor
is created, his qualifications are fixed, provisions made for
filling vacancies—and for a mayor *pro tem.* His duties and
powers are definitely prescribed, and for palpable omission
of duty, or misconduct in office, criminal procedure and pen-
alties provided.

Hence, we are driven to the conclusion that section 10 of
article 2, has not reference to the general laws of the state,

civil or criminal, but has reference only to the laws or pro-
visions of law found within the various articles composing
the charter of the municipality, or in other words, the act
entitled, "An act to provide for the incorporation of cities
and villages," which is a law by virtue of which the city of
La Salle was organized. That law created the office of mayor
and prescribed his general duties and powers. Such duties
and powers are required and conferred by law, and are the
laws referred to by said section 10 of article 2. This is mani-
fest, when we consider the object and purpose of the law
heretofore referred to providing for the incorporation of cit-
ies, etc., and it is still more manifest when we consider the
sections of article 3, preceding section 10, wherein are de-
fined the qualifications, duties and powers of mayors followed
by section 10, "he shall perform all such duties as are or may
be prescribed by law or by the city ordinances, and shall take
care that the laws and ordinances are faithfully executed.
If we have concluded correctly, it follows that this indictment
cannot be maintained under section 14 of article 2 aforesaid,
because the breach of duty charged is in permitting a tippling
house to keep open on Sunday. No such provision can be
found in the city incorporation act; no city, law or ordinance
is referred to in the indictment.

We have considered the alleged duty, which was to "take
care that the laws of the state of Illinois in the said city of
La Salle were faithfully executed." We have noticed the al-
leged violation of law, namely, that certain persons named
were keepers of tippling houses in the city of La Salle, and
kept open on Sunday; "that said Frederick W. Mathiessen
unlawfully, willfully, knowingly and contemptuously per-
mitted said * * * to keep open their or his tippling
house on Sunday." The indictment describes no offense
within the purview of section 14, of article 2. The palpable
omission of duty therein referred to has reference to some
duty imposed by the act of incorporation or the city ordi-
nances, or to some duty definitely prescribed by the laws of
the state of Illinois.

"By what procedure shall the mayor take care that the

laws of the state of Illinois against keeping open a tippling house on Sunday are faithfully executed in the city of La Salle? It will not be contended that it is his duty to personally visit the saloons on Sunday and with a strong hand close and bar the doors. If the law is violated any citizen is authorized to make complaint before a proper magistrate and have the offender tried, or make complaint to a grand jury where an investigation can be had and the offender indicted, and, on conviction, fined not exceednig $200 for each offense. A prosecution of the offender in the manner indicated is the only way provided by law for dealing with the offender. Any person may start the machinery of the law, and the law has designated an officer called the state's attorney, and enjoined upon him the imperative duty of prosecuting indicted offenders, and, I am prepared to say of the present state's attorney that he is willing and able to discharge his duty, and that he has heretofore and quite recently been diligent in that regard. The law has not specially imposed upon the mayor as an official the duty to personally detect offenders and enter complaint before a magistrate or grand jury. The public, of course, expect that his influence as a private citizen, and in his official capacity will be exerted in favor of law and order.

There is no intimation that the defendant in any manner, interfered, or attempted to interfere to protect offenders from prosecutions. There is no intimation that he in any manner aided, abetted or encouraged the proprietors of tippling houses to keep open on Sunday. True, it is alleged substantially that the defendant, regardless of his duty as mayor, "unlawfully, knowingly, willfully and contemptuously permitted the said * * * to keep open his tippling house on Sunday." A mayor has not power or authority to grant a permit or a privilege or a license to keep open a tippling house on Sunday. Therefore, the allegation that he permitted, etc., can not be accepted in the sense that he issued a permit, or license or privilege, etc. The construction must be most strongly against the pleader. The allegation can be accepted for no more in a legal sense than that he suffered * * * to keep open his tippling house on Sunday, or

that * * * kept open his tippling house on Sunday, and the mayor did not interfere to prevent, therefore, he was guilty of a palpable omission of duty. Suppose on trial on the indictment proof was made that Frederick W. Mathiessen was mayor of the city of La Salle; that A. B. kept a tippling house in the city of La Salle; that he kept his tippling house open on Sunday, and that the mayor knew he so kept open, would such proof convict the mayor of a palpable omission of duty? We think not. The mayor, nor any other citizen, could commence any proceeding against the keeper of a tippling house under the law in question until the overt act of keeping open was committed, thereafter the offender could be prosecuted. Ordinarily, legal proceedings can not be instituted against a man to prevent him from committing a crime. No duty required of the mayor by the city ordinances is involved in this indictment. The mayor is not required by any law or ordinance to adopt precautionary measures to guard against the possibility or probability of a tippling house keeper keeping open on Sunday. The writer appreciates the gravity of the offense this indictment seeks to abate, but the defendant is not indicted for the crime of keeping open a tippling house on Sunday. He is indicted for a palpable omission of duty as mayor, in that he did not prevent other persons from keeping open a tippling house on Sunday. There is no matter of fact alleged or set forth in the indictment from which a palpable omission of official duty by the mayor can be evolved. The fault lies, not with the state's attorney, but in the insufficiency of the facts as they exist.

Section 260 of the criminal code (Starr & Curtis) was referred to in the argument. That section provides: "Every person holding any public office (whether state, county or municipal), trust or employment who shall be guilty of any palpable omission of duty * * or who shall be guilty of willful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000 and may be removed from his office, trust or employment." This section imposes no duties on mayors or other municipal officers.

Then we must look elsewhere for a law prescribing his duties and they will be found in the "Act of Incorporation," which we have considered.

The motion to quash will be sustained.

### NOTE.

The above decision was cited in the briefs of counsel in *People ex rel v. Busse, Mayor*, etc., now pending in the appellate court of Illinois, first district.—Ed.